ELIZABETH Di NUNZIO, COMPLAINANT, v. ROBERT Di NUNZIO, DEFENDANT.

Juvenile and Domestic Relations Court
Union County

Decided November 9, 1970.

*Mr. David J. Meeker,* for complainant (*Messrs. McDonough, Murray & Meeker,* attorneys).

*Mr. J. Alan Drummond,* for defendant (*Messrs. Drummond & Owren,* attorneys).

KENTZ, J. J. & D. R. C. Complainant and defendant were married in 1959 and three children were born of their marriage. On June 24, 1968 complainant left the marital abode as a result of defendant's alleged misconduct.

On August 5, 1968 there was a hearing in this court on the wife's complaint for support for herself and the three minor children based on defendant's cruel and inhuman conduct, pursuant to *N. J. S. A.* 2A:4–18(f). At the hearing on the complaint this court found factually that over a period

of time defendant had violent arguments with complainant; that during one such argument he took out a gun and threatened to kill himself in front of his family; that he drove recklessly with his wife and children in his car, deliberately to frighten them; that he threatened to kill his wife and children and attempted to choke her, and by reason thereof complainant and her children were forced to leave the marital home. The court being of the opinion that complainant had sustained the burden of proving the complaint, entered a support order for complainant and the minor children based on defendant's financial ability. No appeal was taken from that order by either party under *N. J. S. A.* 2A:4–40.

Thereafter complainant instituted an action for divorce in our Superior Court, Chancery Division, on the ground of extreme cruelty. The complaint was dismissed for lack of sufficient evidence.

Subsequently defendant ceased making payments to complainant but continued to make payments for the children. As a result, complainant now seeks a determination as to the resulting arrearages and defendant seeks to vacate that portion of the support order which provided support for complainant. He contends that by virtue of the dismissal of her divorce action she would not be entitled to support in the Chancery Division and should not now receive any support from this court.

The first question raised in this proceeding is whether the evidence required to establish such extreme cruelty as would justify the wife's leaving the marital abode and thereby constitute a constructive desertion entitling her to a divorce is the same quantum as is necessary to show that the husband's conduct was so cruel and inhuman as to force the wife to leave the marital home and thereby constitute a constructive desertion entitling her to support in the Juvenile and Domestic Relations Court.

This question calls for an examination of the concurrent jurisdiction of the Juvenile and Domestic Relations Court and the Superior Court. The Juvenile and Domestic

Relations Court has concurrent jurisdiction with the Superior Court in matters pertaining to support of a deserted spouse and can order support based on the common law duty of a husband to provide suitable support and maintenance for his wife. *Bonanno v. Bonanno,* 4 *N. J.* 268 (1950) ; *Wilson v. Wilson,* 86 *N. J. Super.* 61 (*App. Div.* 1965) ; *Russell v. Russell,* 99 *N. J. Super.* 423 (*Ch. Div.* 1967). See also, *Lysick v. Lysick,* 91 *N. J. Super.* 394 (*App. Div.* 1966), and *Ricci v. Ricci,* 96 *N. J. Super.* 214 (*J. & D. R. Ct.* 1967).

*N. J. S. A.* 2A:4–18 states:

The juvenile and domestic relations court shall also have jurisdiction concurrently with such other courts as may have jurisdiction over the matter, to hear and determine in a summary manner disputes and complaints * * *

(f) Involving the domestic relation, where a husband or father forces his wife or child to leave the home because of his *cruel and inhuman conduct*, in which case the court may provide by appropriate order for their support and maintenance. [Emphasis added.]

The determining factor that would justify the wife's leaving the marital abode under *N. J. S. A.* 2A:4–18(f) is the cruel and inhuman conduct of the husband. If a divorce is sought, rather than an order of support, the proceeding would be instituted on the ground of extreme cruelty in the Superior Court, Chancery Division, under *N. J. S. A.* 2A:34–2(c) and 2A:34–3(c).

It is an established principle that the quantum of proof necessary for proving a complaint in the Juvenile and Domestic Relations Court under *N. J. S. A.* 2A:4–18(f) is less than that required in the Superior Court under *N. J. S. A.* 2A:34–2(c) and 2A:34–3(c). The words "cruel and inhuman conduct," as applied to a husband under the former, do not have the same requirements of proof as are called for under the latter. If the Legislature had intended that the quantum of proof be the same, they would have used the same language in all three sections; that they did not is an indication of contrary intention, and the statutes have been so construed.

In *Compton v. Compton,* 109 *N. J. Super.* 5 (App. Div. 1970), the court said:

In the summary proceeding under the support statute, the wife need not establish the cruel and inhuman conduct of the husband to such a degree and with such specificity as is required in the aforementioned actions for divorce or separate maintenance. [at 8]

Similarly, the type of desertion necessary to substantiate an action for support is less than that required in a separate maintenance action. *Tracey v. Tracey,* 69 *N. J. Super.* 382 (App. Div. 1961); *Mattox v. Mattox,* 43 *N. J. Super.* 111 (App. Div. 1956); *Cahen v. Cahen,* 47 *N. J. Super.* 141 (App. Div. 1957).

In the present case the husband's conduct has been previously determined by this court to be cruel and inhuman in accord with the applicable statute. In other words, the wife's leaving the marital home with the children has been determined to be justifiable in this case.

The second question to be answered is whether the dismissal of the wife's subsequent divorce action in favor of the husband had any effect on the previous determination and accompanying support order of this court. I find no reported case in this State which would answer this question.

To be consistent with the prior reasoning, I find that the dismissal could not affect the determination and order of this court.

In *Ogden v. Ogden,* 101 *N. J. Super.* 509, 517 (J. & D. R. Ct. 1968), this court stated that a defendant should not be permitted to use the Chancery Division of the Superior Court as an appellate tribunal to reverse a decision of the Juvenile and Domestic Relations Court. The proper procedure is an appeal. This court also stated that a judgment for divorce has no effect aside from terminating the marital relationship unless other matters, such as support, are brought directly to the attention of the divorce court. The only rights affected by the judgment *per se* are those directly based on the continuing existence of the spousal relationship.

*Ogden v. Ogden, supra.* See also, *Schimek v. Schimek,* 109 *N. J. Eq.* 395 (Ch. 1931); *Bowers v. Bowers,* 132 *N. J. Eq.* 431 (E. & A. 1942); *Isserman v. Isserman,* 11 *N. J.* 106, 114 (1952); *Equitable Life Assur. Society of United States v. Kretzschmar,* 21 *N. J.* 129, 135 (1956); *Messner v. Union County,* 34 *N. J.* 233 (1961).

The consequences of the dismissal of the divorce action here are that the marital relationship still exists, with the attendant obligations, and that the evidence presented of the husband's conduct did not constitute extreme cruelty within the meaning of the statutes. Because of the difference in the quantum of proof, it cannot be assumed logically that the dismissal of an action requiring the greater quantum of proof implies the reversal of a determination requiring a lesser standard of proof. Furthermore, it does not appear that the issue of support was ever brought before the Superior Court in this case.

The argument has been raised by defendant that as a result of the above conclusions the outcome of a particular application for support will be dependent upon the choice of tribunal. I find no merit in this argument. This court's practices are traditionally more flexible than those in the Superior Court. *Ricci v. Ricci, supra.* As it was stated in *Russell v. Russell, supra:*

> The Juvenile and Domestic Relations Court is designed, in the interest of public policy, to provide a tribunal able expeditiously to assure adequate support for a wife and child to avert a need for their public maintenance, and it deals with the financial aspect of the matrimonial relations where the husband is the "deserter," within the meaning of the term as set forth in the statute. [99 *N. J. Super.* at 425]

This court deals with the matrimonial obligations existing when the husband forces the wife to leave the marital home by reason of his "cruel and inhuman conduct," as those terms are set forth in the statute. As stated above, since the effect of the dismissal is to continue the marital relation, and since it does not appear that the Superior Court made any finding with respect to support, the parties remain in the same rela-

tive position. The quantum of proof being less in this court, the support order continues. The dismissal of the divorce action does not operate to terminate the husband's duty to support when that issue was never determined.

█ Of course, an order of support is always subject to review and modification, depending upon new facts or a change of circumstances which may subsequently arise. *N. J. S. A.* 2A:34–19; 2A:34–23; *Ramhorst v. Ramhorst,* 138 *N. J. Eq.* 523 (E. & A. 1946). When such occurs, either party to a proceeding may apply at any time for a rehearing and modification of the support order.

An appropriate order will be entered.